UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3:24-CR-033-CHB- |
| | ) | 01, 02, 03, 04, 05, 06, 07, 08, 09, 10 |
| v. | ) | |
| | ) | |
| CARL DELPH (01), | ) | |
| ANYELLE CURTLEY, SR. (02), | ) | **ORDER** |
| ANYELLE CURTLEY, JR. (03), | ) | |
| ADRIAN RICHIE (04), | ) | |
| JOSEPH COUSINS (05), | ) | |
| ALANDRO ONEAL (06), | ) | |
| JEROY BOYD (07), | ) | |
| AMEER ELLIS (08), | ) | |
| PAUL BUTLER, JR. (09), | ) | |
| SUSAN JENKINS (10), | ) | |
| | ) | |
| Defendants. | | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Anyelle Curtley, Sr.'s Motion to Continue, [R. 89]. As the Court noted in its previous order, Defendant Curtley, Sr., represents that the United States is unopposed to continuing trial. *See* [R. 92]. The Court gave the other defendants until July 8, 2024, to file a response. *Id.* In response to the Court's Order, the Court received and reviewed Defendant Alandro Oneal's Notice of No Objection to Codefendant's Motion to Continue, [R. 93], Defendant Ameer Ellis's No Objection to Co-Defendant's Motion to Continue Trial, [R. 94], Defendant Anyelle Curtley, Jr.'s Notice of No Objection to Codefendant's Motion to Continue, [R. 95], Defendant Adrian Richie's Response to Motion to Continue Trial Date, [R. 96], Defendant Carl Delph's Notice of No Objection to Motion to Continue, [R. 97], Defendant Joseph Cousins's Notice of No Objection to Co-Defendant Anyelle Curtley, Sr.'s Motion to Continue, [R. 98], and Defendant Jeroy Boyd's Notice of No Objection, [R. 99]. The Court notes that all the responses filed state no objection to continuing the trial. The Court will consider the lack of responses from Defendants Paul Butler, Jr., and Susan Jenkins as there being no objections to the motion. *See* LCrR 47.1(d).

Counsel for Defendant Curtley, Sr., requests that the Court continue the trial set for August 6, 2024, because "discovery is voluminous, and negotiations are ongoing" [R. 89, p. 1]. The Court having reviewed the motion, there being no objections by any party in this matter, and the Court being sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. Defendant Anyelle Curtley, Sr.'s Motion to Continue, [**R. 89**], is **GRANTED.**

2. <u>Trial</u>. The **Jury Trial** currently set for August 6, 2024, is **REMANDED** from the Court's docket, and **RESCHEDULED** to **October 8, 2024, at the hour of 9:00 a.m.**, as to **all defendants**, before the Honorable Claria Horn Boom, United States District Judge, at the Gene Snyder U.S. Courthouse in **Louisville, Kentucky**. Counsel shall be present in the courtroom at **8:30 a.m.**

3. <u>Pretrial Filings</u>. All pretrial filings and deadlines as set forth in the Court's Order Following Arraignment and Scheduling Order [**R. 27**; **R. 28; R. 30; R. 36; R. 37; R. 38; R. 39; R. 41: R. 48; R. 72**] shall be relative to this new trial date. **The trial continuance does not affect any defensive-motions deadline set by prior order**. Any request for an extension of the defensive-motions deadline should be made by separate motion.

4. <u>Motions for Change of Plea</u>. If a defendant intends to enter a plea of guilty, defense counsel shall file a motion for change of plea. All motions for change of plea shall be filed no later than **fourteen (14) days before the scheduled trial date**, absent good cause. A defendant is advised that failure to comply with this filing requirement will be considered by the Court in determining whether to grant credit for acceptance of responsibility. *See* U.S.S.G. §3E1.1. Following the filing of a motion for change of plea, and if the parties intend to proceed pursuant to a written plea agreement, the United States shall submit a copy of the proposed plea agreement for the Court's review at least **one business day** prior to any hearing on the defendant's motion for change of plea. This document shall be transmitted as an electronic attachment to *boom_chambers@kyed.uscourts.gov*.

     **5.**     <u>Speedy Trial Act.</u>  The time between the current trial date of **August 1, 2024,** and the new trial date of **October 8, 2024,** is **DECLARED** excludable in computing the time within which the trial must commence under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A); (h)(7)(B)(i). This exclusion also applies to the other defendants who are joined for trial and for whom no motion for severance has been granted. 18 U.S.C. § 3161(h)(1)(D); (h)(6).  The Court **FINDS** that the ends of justice served by the granting of such continuance outweigh the best interests of the public and defendants in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).  Specifically, failure to grant the continuance would likely make a continuation of the proceeding impossible or result in a miscarriage of justice, due to the need for time for Defendant Curtley, Sr's defense counsel to review all discovery, investigate the case, and effectively represent his client.  18 U.S.C. § 3161(h)(7)(A); (h)(7)(B)(i).  The Court **HOLDS** that Defendant's Motion is not made for the purpose of undue delay, nor is this continuance granted "because of general congestion of the Court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(C).

     This the 10th day of July, 2024.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc:   Counsel of Record
      United States Probation
      Jury Clerk